WILSON PETTY KOSMO & TURNER LLP
CLAUDETTE G. WILSON (110076)
LOIS M. KOSCH (131859)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** cwilson@wpkt.com
**E-mail:** lkosch@wpkt.com

Attorneys for Defendant
BLOCKBUSTER INC.

FILED

08 JUN 13 PM 12: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ *rP* _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ELLIOTT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BLOCKBUSTER, INC., a corporation, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No. '08 CV 1 0.53 DMS POR<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)**<br><br>Complaint Filed: April 29, 2008<br><br>Dept.:<br>Judge:          Hon.<br>Trial Date: Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant

BLOCKBUSTER INC. ("Defendant") hereby removes this action from the Superior Court of the

State of California, County of San Diego, Hall of Justice to the United States District Court for the

Southern District Of California, and sets forth in support of its Notice of Removal of Action the

following:

1.     On April 29, 2008, Plaintiff Erik Elliott ("Plaintiff") commenced this action in the

Superior Court of the State of California, County of San Diego, Hall of Justice entitled *Erik Elliott v.*

*Blockbuster, Inc.*, Case No. 37-2008-00082941-CU-WT-CTL.

2.     Plaintiff's Complaint alleges the following causes of action against Defendant:

(1) Religious Intimidation; (2) Physical Disability Discrimination; (3) Wrongful Termination in

Violation of Public Policy (California Government Code § 12926 *et seq.*; and (4) Retaliation.

1    3.    Blockbuster Inc. was personally served with the Summons and Complaint on May 15,

2    2008. A true and correct copy of the Proof of Service of Summons and Complaint are attached

3    hereto as Exhibit 1.

4    4.    This is a civil action over which this Court has original jurisdiction under the

5    provisions of 28 U.S.C. § 1332, and may be removed to this Court by the Defendant pursuant to the

6    provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and

7    it appears from the face of the Complaint that the matter in controversy herein exceeds the sum or

8    value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9    5.    Defendant is informed and believes that Plaintiff Erik Elliott was, at the

10    commencement of this action in state court, and still is, a citizen of the State of California.

11    6.    Defendant Blockbuster Inc. was, at the time this action was filed in state court, and

12    still is, a corporation incorporated under the laws of the State of Delaware, having its principal place

13    of business in the State of Texas, and was not and is not a citizen of the State of California.

14    7.    The Complaint also names Defendants Does 1 to 25. Pursuant to 28 U.S.C. §

15    1441(a), the citizenship of these defendants is disregarded.

16    8.    Defendant is informed and believes from the face of the Complaint that the amount in

17    controversy in this action exceeds $75,000, exclusive of interests and costs.

18    9.    Plaintiff, a former Blockbuster store manager, alleges he was unlawfully

19    discriminated against and that, as a direct result of Defendant's unlawful employment practices, he

20    has suffered loss of wages and benefits. (Ex. 1 at ¶¶ 28, 37 and 46.) Plaintiff claims: (1) substantial

21    losses in earnings and other employment benefits and opportunities; and (2) emotional distress, loss

22    of reputation, mental and physical pain and anguish. (Id. at ¶¶ 28, 30, 31, 37, 38, 39, 44 and 46.)

23    10.    Plaintiff seeks attorneys' fees and cost of suit, as well as punitive damages. (Id. at

24    ¶¶ 32, 33, 40, 41, 47 and 49.)

25    11.    This Notice of Removal is being filed within thirty (30) days after service on

26    Blockbuster Inc. of Plaintiff's summons and complaint in this action and therefore is timely filed

27    under 28 U.S.C. § 1446(b). (Harris v. Bankers Life and Cas. Co., 425 F.3d 689 (2005).)

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)

1       12.    This Notice of Removal is being filed within one (1) year of the commencement of

2  this action and therefore is timely filed under 28 U.S.C. § 1446(b).

3       13.    Removal to this Court is proper as the Superior Court of the State of California,

4  County of San Diego, Hall of Justice, where this action was originally filed, is located within this

5  district.

6       14.    To the best of Defendant's knowledge, Exhibit 1 constitutes all of the process,

7  pleadings and orders served upon defendants at the time of this removal.

8       15.    Counsel for Defendant certifies that it will file a copy of this Notice of Removal with

9  the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of

10  same to counsel for Plaintiff.

11

12  Dated:     June 13, 2008               **WILSON PETTY KOSMO & TURNER LLP**

13

14                              By:      *hos M. Kosch*

15                                    CLAUDETTE G. WILSON
                                       LOIS M. KOSCH

16                                     Attorneys for Defendant
                                     BLOCKBUSTER INC.

17

18

19

20

21

22

23

24

25

26

27

28

                                                        Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)

Exhibit 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:     San Diego, CA 92101
BRANCH NAME:     Central
TELEPHONE NUMBER:     (619) 685-6058

PLAINTIFF(S) / PETITIONER(S):     Erik Elliot

DEFENDANT(S) / RESPONDENT(S):     Blockbuster Inc

ELLIOT VS. BLOCKBUSTER INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00082941-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                        Department: C-61

**COMPLAINT/PETITION FILED:** 04/29/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00082941-CU-WT-CTL        CASE TITLE: Elliot vs. Blockbuster Inc

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

1

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dale R. Larabee, Esq. (SBN 50962)<br>Joel D. Larabee, Esq. (SBN 243117)<br>LARABEE GIENAPP LARABEE<br>2120 Fourth Avenue, San Diego, CA 92101<br>TELEPHONE NO.: 619-234-3054    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff - ERIK ELLIOT | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2008 APR 29 P 4: 28<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
ERIK ELLIOT v BLOCKBUSTER, INC., et al.

| CIVIL CASE COVER SHEET | | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2008-00082941-CU-WT-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 29, 2008

Dale R. Larabee
_____          _____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

**PLAINTIFF(S):** Erik Elliot

**DEFENDANT(S):** Blockbuster Inc

**SHORT TITLE:** ELLIOT VS. BLOCKBUSTER INC

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00082941-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                              Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 04/29/2008                                _____
                                                 JUDGE OF THE SUPERIOR COURT

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:  330 West Broadway

MAILING ADDRESS:  330 West Broadway

CITY AND ZIP CODE:  San Diego, CA 92101

BRANCH NAME:  Central

TELEPHONE NUMBER:  (619) 685-6058

PLAINTIFF(S) / PETITIONER(S):     Erik Elliot

DEFENDANT(S) / RESPONDENT(S):  Blockbuster Inc

ELLIOT VS. BLOCKBUSTER INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00082941-CU-WT-CTL |
|---|---|

Judge:  John S. Meyer                                            Department: C-61

**COMPLAINT/PETITION FILED:** 04/29/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FILED
*(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS
CENTRAL DIVISION

2008 APR 29  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLOCKBUSTER, INC., a corporation, and DOES 1 through 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIK ELLIOTT

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, San Diego
330 W. Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2008-00082941-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Dale R. Larabee, Esq.
2120 Fourth Avenue, San Diego, CA 92101                    (619) 234-3054

DATE:  APR 29 2008                    Clerk, by  B. Orihuela              , Deputy
*(Fecha)*                             *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Blockbuster, Inc., A Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com



CORPORATION SERVICE COMPANY

# Notice of Service of Process

BZT / ALL
Transmittal Number: 5782105
Date Processed: 05/15/2008

**Primary Contact:** Bryan Stevenson
Blockbuster Inc.
1201 Elm Street
Suite 2100 Renaissance Tower
Dallas, TX 75270-2102

| | |
|---|---|
| **Entity:** | Blockbuster Inc.<br>Entity ID Number  1666926 |
| **Entity Served:** | Blockbuster, Inc. |
| **Title of Action:** | Erik Elliott vs. Blockbuster, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court:** | San Diego Superior Court, California |
| **Case Number:** | 37-2008-00082941-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/15/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Dale Larabee<br>619-234-3054 |

RECEIVED
MAY 1 6 2008
LEGAL DEPT.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Dale Larabee Esq. SB #50962
Joel Larabee, Esq. SB #243117
LAW OFFICES OF
LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 234-3054
TELECOPIER: (619) 234-3001

Attorneys for Plaintiff,
ERIK ELLIOTT

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 29  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

ERIK ELLIOTT, an individual,

    Plaintiff,

    v.

BLOCKBUSTER, INC., a corporation, and
DOES 1 through 25, inclusive,

    Defendants.

Case No.  37-2008-00082941-CU-WT-CTL

PLAINTIFF'S COMPLAINT FOR
(1) Religious Intimidation;
(2) Physical Disability Discrimination;
(3) Wrongful Termination in Violation of
Public Policy (California Government
Code § 12926 et seq.); and
(4) Retaliation

[JURY TRIAL DEMANDED]
[ATTORNEYS' FEES DEMANDED GOV.
CODE §12965 ET SEQ]

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff, ERIC ELLIOTT, (hereinafter "Plaintiff" or "ELLIOTT") is and at all times
herein mentioned was a resident of the County of San Diego in the State of California.

2. Plaintiff is informed and believes and thereon alleges that at all times herein
mentioned, BLOCKBUSTER, INC., (hereinafter "BLOCKBUSTER") is a business entity
authorized for, and doing business in the State of California, and is an entity subject to suit under
the California Fair Employment and Housing Act, Government Code §12940 et seq. On

1   information and belief BLOCKBUSTER, employs in excess of five employees in San Diego

2   County.

3       3.  At all times material to this complaint, BLOCKBUSTER was doing business in San

4   Diego County, State of California, within the above captioned judicial district. Many of the acts

5   complained of herein took place within said judicial district.

6       4.  Plaintiff is informed and believes and thereon alleges that at all times herein

7   mentioned, DOUG RICE (hereinafter "RICE") an individual, who was and is employed as a

8   managing agent at BLOCKBUSTER, and at all relevant times, was a manager of ELLIOTT.

9   Plaintiff is informed and believes and thereon alleges RICE is a "supervisor" and a "managing

10   agent" of BLOCKBUSTER's.

11      5.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

12   Does 1 through 25 and therefore sues these defendants by such fictitious names.  Plaintiff will

13   amend this Complaint to allege the true names and capacities when they are ascertained.

14      6.  Plaintiff is informed and believes and thereon alleges that each fictitiously named

15   defendant is responsible in some manner for the occurrences herein alleged and Plaintiff's

16   injuries and damages as herein alleged are directly, proximately and/or legally caused by

17   defendants and all of their acts.

18      7.  Plaintiff is informed and believes and thereon alleges that all of these defendants

19   named herein as DOES are the agents, employers, representatives or employees of the other

20   named defendants and when performing the acts alleged herein, were acting within the scope of

21   their agency, employment and/or representative capacity and are therefore responsible for the acts

22   complained of herein.

23      8.  The tortious acts and omissions alleged to have occurred herein were performed by

24   defendants or authorized or ratified by them.

25      9.  The actions of defendants, and each of them, against the plaintiff constitute unlawful

26   employment practices in violation of California Government Code § 12940, et seq., and have

27   caused, and will continue to cause plaintiff loss of earnings and other damages.

28      10.  As a further legal (proximate) result of the unlawful and intentional discriminatory

actions of defendants, and each of their agents, against Plaintiff as alleged herein, Plaintiff has

been harmed in that he has suffered emotional pain, humiliation, mental anguish, loss of

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1  enjoyment of life, and emotional distress.

2      11. Defendants committed these acts alleged herein maliciously, fraudulently, and

3  oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

4  and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful

5  conduct was carried out with a conscious disregard for Plaintiff's rights.

6      12. Defendants' conduct warrants the assessment of punitive damages in an amount

7  sufficient to punish defendants and deter other from engaging in similar conduct.

8      13. Defendants are "supervisors" or "managers" within the meaning of California

9  Government Code §12940, et seq.

10     14. Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

11 attorneys' fees pursuant to Cal. Gov't Code §12940 et seq.

12     15. On March 20, 2008, ELLIOTT was wrongfully fired by RICE. Plaintiff ELLIOTT

13 filed his charges of discrimination with the California Department of Fair Employment and

14 Housing on April 2, 2008, and thereafter received from the DFEH his "right to sue" letters on

15 April 9, 2008 which are collectively attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

16

17     16. Plaintiff re-alleges and incorporates by reference each and every allegation contained

18 in the preceding paragraphs as though fully set forth herein.

19     17. ELLIOTT was hired by BLOCKBUSTER on December 10, 1997. ELLIOTT is an

20 insulin dependent diabetic and has been so at all times he was employed by BLOCKBUSTER.

21 Defendants knew of ELLIOTT's physical condition. "Diabetes is a physical impairment under

22 the ADA "because it is a physical condition affecting the digestive, hemic, and endocrine

23 systems." *Fraser v. Goodale (9th Cir. 2003, 343 F3d 1032, 1038)*. When fired, ELLIOTT was a

24 store manager and had been a BLOCKBUSTER store manager for seven (7) years.

25     18. Throughout her employment with Defendant, ELLIOTT performed the duties of his

26 work assignments in a capable and competent manner and has been so recognized by

27 BLOCKBUSTER for her outstanding performance as recently in March 2008.

28     19. On October 11, 2007, RICE ordered a district meeting be held at his church, the

Mission Hills Church in San Marcos California. RICE arranged that the all day mandatory

meeting of store managers, including ELLIOTT, be held in the Courtyard Café at the Mission

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1  Hills, Church, which RICE made sure all in attendance knew that RICE managed the Church

2  Café. Prior to the meeting, RICE told ELLIOTT and the other BLOCKBUSTER employees

3  RICE had instructed to attend this all day meeting of the Church website and e-mail address.

4  RICE told ELLIOTT and other employees at the meeting that he "would love to see them at

5  Church" and that "they could come to enjoy RICE's café after church." RICE gave ELLIOTT

6  and other BLOCKBUSTER employees who attended the mandatory BLOCKBUSTER meeting a

7  card they could use at the Courtyard Café, a card that proselytized the Church Mission, including,

8  "For where two or three come together in my name, there am I with them." *Matthew 18:20 NIV."*

9      (a)  RICE alluded during the day long meeting that "his" church was a new church and he

10  was "involved" on a very personal basis.

11      (b)  The card RICE gave ELLIOTT and the other BLOCKBUSTER employees entitled

12  them to credit at RICE'S Courtyard Café at RICE's church. RICE told ELLIOTT and the other

13  BLOCKBUSTER employees he was inviting them back to "Sunday services" and "they could

14  use their gift cards at the café when the services were over." RICE said he was at the Café on

15  Sundays.

16      (c)  ELLIOTT perceived RICE's actions and remarks as intimidating. ELLIOTT chose

17  not to return to RICE's Church.

18      (d)  At least one store manager who attended RICE's church and café meeting told

19  ELLIOTT that she wasn't going to take the chance and not go.

20      (e)  In December 2007, ELLIOTT bought a condominium. BLOCKBUSTER was asked to

21  and signed documents authenticating ELLIOTT's income.

22      (f)  On February 22, 2008, RICE wrote ELLIOTT up for a number of "deficiencies" he

23  found in ELLIOTT's store. RICE also said to ELLIOTT in the presence of customers, "I can't

24  believe you lasted this long in this store, this store is way too busy for you, you belong in a low

25  revenue store."

26      (g)  On March 4, 2008, at a regional meeting of BLOCKBUSTER, ELLIOTT was

27  recognized by the BLOCKBUSTER Regional Director of Operations for the "Second Best

28  Rewards accomplishment in his Region." ELLIOTT was asked to stand for applause. RICE sat

with his head down and hands between his knees.

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

20. On March 20, 2008, RICE came to ELLIOTT's store at 8:30 a.m. RICE said to ELLIOTT, "I have some bad news, you are fired." "You belong in a lower revenue store." When ELLIOTT said he had been with BLOCKBUSTER for 10 years and why wasn't he being given a chance for a lower revenue store, RICE said, "There is no room for you here and it's too late for I have already fired you." "I gave you a clean slate because your last two district leaders were going to fire you." This last statement is false, known by RICE to be false and said to ELLIOTT to cause him to believe it was true. RICE then said, "All right, it is time for you to go. I need to bring in the new store manager now."

21. RICE'S acts were malicious, in part false, and intended to cause severe financial and personal harm and damage to ELLIOTT which they did.

### FIRST CAUSE OF ACTION

### (RELIGIOUS INTIMIDATION v. All Defendants)

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth.

It is an unlawful employment practice in California for an employer

(1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion;

(2) to limit or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's religion.

23. At all times mentioned herein, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants. This section requires BLOCKBUSTER, as an employer, and RICE as a supervisor to refrain from discriminating against or harassing or creating a hostile environment for any employee on the basis of his religion or non-religion or perception of either.

24. Plaintiff is informed and believes, and thereon alleges, that his religious beliefs or lack thereof was a motivating factor in Defendants' adverse actions, directed against him as set forth herein including his termination. Such actions are unlawful, harassing, discriminatory, and

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1  retaliatory in violation of Government Code Section 12940 et seq., and have resulted in damage

2  and injury to Plaintiff, as alleged herein.

3     25. Defendants' conduct created a hostile work environment extremely detrimental to

4  ELLIOTT'S emotional and physical health, interfered with ELLIOTT'S work performance and

5  caused ELLIOTT severe emotional distress.

6     26. At all times, ELLIOTT felt that RICE's actions and intimidation of ELLIOTT were

7  unwelcome, discriminatory, oppressive, offensive and intimidating.

8     27. At all times, Defendant BLOCKBUSTER knowingly ratified, sanctioned and

9  condoned the discriminatory and harassing conduct. The event was a BLOCKBUSTER

10  organized event.

11     28. As a proximate result of Defendants' willful, knowing and intentional discrimination

12  and harassment against ELLIOTT, he has sustained, and continues to sustain, substantial losses

13  in earnings and other employment benefits and opportunities. Plaintiff has been damaged in an

14  amount according to proof at trial.

15     30. As a proximate result of Defendants' willful, knowing and intentional discrimination

16  and harassment of ELLIOTT, he has sustained, and continues to sustain, such intangible loss of

17  employment-related opportunities and experience in the position which ELLIOTT would have

18  garnered. Plaintiff has been damaged in an amount according to proof at trial.

19     31. As a proximate result of Defendants' willful, knowing and intentional discrimination

20  and harassment of ELLIOTT, ELLIOTT has suffered, and continues to suffer, humiliation,

21  emotional distress, loss of reputation, and mental and physical pain and anguish, all to his

22  damage in a sum to be established according to proof.

23     32. As a result of Defendants' deliberate, outrageous, despicable conduct, ELLIOTT is

24  entitled to recover punitive and exemplary damages in an amount commensurate with each of

25  Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible

26  conduct.

27     33. ELLIOTT has incurred and continues to incur legal expenses and attorneys' fees.

28
## SECOND CAUSE OF ACTION

### (DISABILITY DISCRIMINATION v. Employer Defendant Only)

34.     Plaintiff re-alleges and incorporates by reference each and every allegation

LARABEE GIENAPP LARABEE, APC.
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1  contained in the preceding paragraphs as though fully set forth herein.

2

3       35.    At all times mentioned herein, California Government Code Section 12940 et

4  seq. was in full force and effect and was binding on Defendants. This section requires

5  Defendants, as employers, to refrain from discriminating against or harassing any employee on

6  the basis medical condition of physical disability. Cal. Gov. Code § 12926 (k) et seq. At all times

7  he worked for BLOCKBUSTER, ELLIOTT was an insulin dependent diabetic which was a

8  physical disability that limits major life activities including eating, sleeping, exercise and

9  working. BLOCKBUSTER also regarded ELLIOTT as having a physical condition/disability that

10  made achievement of one or more major life activity difficult. Cal. Gov. Code § 12926 (k) (iii)

11  (4) (5).

12       36.   ELLIOTT believes and thereon alleges that his psychical disability or

13  BLOCKBUSTER's perception thereof was a motivating factor in BLOCKBUSTER's decision to

14  terminate his employment. Such actions were unlawful, discriminatory, and retaliatory in

15  violation of Government Code Section 12940 et seq., and have resulted in damage and injury to

16  ELLIOTT, as alleged herein.

17       37.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has

18  sustained and continues to sustain substantial losses in earnings, employment benefits, and

19  employment opportunities. Plaintiff has suffered other economic losses in an amount to be

20  determined at time of trial. Plaintiff has reasonably mitigated these damages. Plaintiff has been

21  damaged in an amount according to proof at trial.

22       38.   As a proximate result of Defendants' willful, knowing and intentional discrimination

23  and harassment against ELLIOTT, he has sustained, and continues to sustain, such intangible loss

24  of employment-related opportunities and experience in the position, which ELLIOTT would have

25  garnered. Plaintiff has been damages in an amount according to proof at trial.

26       39.   As a proximate result of Defendants' willful, knowing and intentional discrimination

27  and harassment against Plaintiff, ELLIOTT has suffered and continues to suffer humiliation,

28  emotional distress, loss of reputation, and mental and physical pain and anguish, all to his

damage in a sum to be established according to proof.

       40.   As a result of Defendants' deliberate, outrageous, despicable conduct, plaintiff is

entitled to recover punitive and exemplary damages in an amount commensurate with each of

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1   Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible
2   conduct.

3        41.   In addition to such other damages as may properly be recovered herein, plaintiff is
4   entitled to recover prevailing party attorney fees.

5                            **THIRD CAUSE OF ACTION**

6        **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

7            **(Cal. Gov't Code §12940) v. Employer Defendants Only)**

8        42.   Plaintiff re-alleges and incorporates by reference each and every allegation contained
9   in the preceding paragraphs as though fully set forth herein.

10       43.   Defendant BLOCKBUSTER, by and through its managing agents and/or employees,
11   violated the public policy of California by intimidating and discriminating against ELLIOTT.
12   Further, in terminating ELLIOTT as alleged herein, Defendant BLOCKBUSTER violated the
13   express public policy of this state.

14       44.   Defendant BLOCKBUSTER'S conduct was intentional and malicious and done for
15   the purpose of causing ELLIOTT to suffer monetary damages, humiliation, mental anguish, and
16   emotional and physical distress.

17       45.   Defendant BLOCKBUSTER'S conduct in condoning and ratifying the above-
18   referenced conduct of its managing agents was done with knowledge that ELLIOTT'S emotional
19   and physical distress would increase and was done with a wanton and reckless disregard of the
20   consequences to ELLIOTT.

21       46.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has
22   sustained and continues to sustain substantial losses in earnings, employment benefits,
23   employment opportunities, and Plaintiff has suffered other economic losses in an amount to be
24   determined at time of trial.  Plaintiff has sought to mitigate these damages as a proximate result
25   of Defendants' willful, knowing and intentional discrimination and harassment against
26   ELLIOTT, who has sustained, and continues to sustain, such intangible loss of employment-
27   related opportunities and experience in the position which ELLIOTT would have garnered.
28   Plaintiff has been damaged in an amount according to proof at trial.

         47.   As a proximate result of Defendants' willful, knowing and intentional discrimination,
     harassment, and termination of plaintiff, ELLIOTT has suffered and continues to suffer

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

1  humiliation, emotional distress, loss of reputation, mental and physical pain and anguish, general

2  and special damages in a sum to be established according to proof.

3      49.  As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is

4  entitled to recover punitive and exemplary damages in an amount commensurate with each of

5  Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible

6  conduct.

7      50.  In addition to such other damages as may properly be recovered herein, Plaintiff is

8  entitled to recover prevailing party attorney fees.

9  **FOURTH CAUSE OF ACTION**

10  **(RETALIATION v. All Defendants)**

11      51.  Plaintiff re-alleges and incorporates by reference each and every allegation contained

12  in the preceding paragraphs as though fully set forth herein.

13      52.  Defendants' retaliated against ELLIOTT for ELLIOTT's refusal to submit to the

14  religious intimidation of BLOCKBUSTER.  Defendants terminated ELLIOTT motivated in part

15  by ELLIOTT's refusal to succumb to BLOCKBUSTER's efforts to coerce ELLIOTT to attend

16  and/or join RICE's church. Plaintiff did suffer severe economic loss and non-economical

17  damages and harm caused by Defendants' acts that were intentional, malicious, and despicable

18  and entitle Plaintiff to punitive damages as detailed in Plaintiff's preceding paragraphs.

19

20      WHEREFORE, Plaintiff prays for the following relief:

21  1.  For compensatory damages, including loss of wages, promotional opportunities, benefits and

22  other opportunities of employment, according to proof;

23  2.  For general and special damages according to proof;

24  3.  For an award of interest, including prejudgment interest, at the legal rate;

25  4.  For reasonable attorney fees;

26  5.  For punitive and exemplary damages in an amount sufficient to punish and deter defendants'

27  outrageous conduct;

28  6.  For costs of suit herein; and

7.  For such other and further relief that the court deems just and proper.

*LARABEE GIENAPP LARABEE, APC*
*2120 FOURTH AVENUE*
*SAN DIEGO, CALIFORNIA 92101*

1
2
3
4   DATED: April 29, 2008

LARABEE GIENAPP LARABEE, APC

5
6
7   Dale Larabee, Esq.
    Attorney for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARABEE GIENAPP LARABEE, APC
2120 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov

April 9, 2008

ERIK ELLIOT
2501 NAVARRA DR #112
CARLSBAD, CA 92009

RE:  E200708D1312-00-pc
     ELLIOT/Blockbuster, Inc.

Dear ERIK ELLIOT:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the
Department of Fair Employment and Housing on 4/4/2008 pursuant to the
California Fair Employment and Housing Act, Government Code section 12900 et
seq.  Also enclosed is a copy of your client's Notice of Case Closure, which
constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
service of the complaint on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint.  These documents must be
served within 60 days of the filing date of the complaint.  Government Code
section 12962(b) further provides that complaints must be served either personally
or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Belinda LeDoux*

Belinda LeDoux
District Administrator

Enclosure:   Complaint of Discrimination
                Notice of Case Closure

DFEH-200-06 (01/05)

**\* \* \* EMPLOYMENT \* \***

COMPLAINT OF DISCRIMINATION UNDER          DFEH # _E2007080-1312 pc_
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT                           DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)                          TELEPHONE NUMBER (INCLUDE AREA CODE)
___ Mr. Erik Elliot ___
ADDRESS                                                   760-505-3499
2501 Navarra Drive #112
CITY/STATE/ZIP
Carlsbad, CA  92009          COUNTY                        COUNTY CODE
                             San Diego

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE,
OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:
NAME                                                      TELEPHONE NUMBER (include Area Code)
Blockbuster, Inc.                                         760-943-7801
ADDRESS
1080 North El Camino Real                                 | DFEH USE ONLY
CITY/STATE/ZIP
Encinitas, CA  92024          COUNTY                       | COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION   | RESPONDENT CODE
5000 +                                TOOK PLACE (month, day, and year)  03/20/2008

THE PARTICULARS ARE:

___ 03/20/08 ___   I was   XX fired        ___ denied employment          ___ denied family or medical leave
                          ___ laid off       ___ denied promotion           ___ denied pregnancy leave
                          ___ demoted        ___ denied transfer             ___ denied equal pay
                          ___ harassed       ___ denied accommodation        ___ denied right to wear pants
                          ___ genetic characteristics testing   ___ impermissible non-job-related inquiry   ___ denied pregnancy accommodation
                          ___ forced to quit  ___ other (specify) ___

by ___ Douglas Rice-District Manager ___
        Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of my:   ___ sex          ___ national origin/ancestry   XX physical disability   ___ cancer       XX (Circle one) filing;
                 ___ age          ___ marital status             ___ mental disability    ___ genetic characteristic   Protesting; participating in
                 XX religion      ___ sexual orientation                                                    investigation (retaliation for)
                 ___ race/color   ___ association    XX other (specify) Diabetes                           Not attending
                                                                                                            DM's Church

the reason given by ___ Douglas Rice, District Manager ___
                         Name of Person and Job Title

Was because   Job inadequacies
[please
state what     ___
you believe to
be reason(s)]   I refused his efforts to attend Rice's church and my disease.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  APRIL 3, 2008                          _Erik Elliot_  RECEIVED
                                              COMPLAINANT'S SIGNATURE
At  SAN DIEGO, CA
        City                                   APR 0 4 2008

                   DATE FILED: April 4, 2-08    SAN DIEGO
DFEH-300-03 (01/05)                             DISTRICT OFFICE
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                  STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                      ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



April 9, 2008


ERIK ELLIOT
2501 NAVARRA DR #112
CARLSBAD, CA 92009

RE:   E200708D1312-00-pc
      ELLIOT/Blockbuster, Inc.

Dear ERIK ELLIOT:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
April 4, 2008 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:    Case File


Director
Personnel/Human Resources
Blockbuster, Inc.
1080 No El Camino Real
Encinitas, CA  92024

DFEH-200-43 (06/06)

1   WILSON PETTY KOSMO & TURNER LLP
    CLAUDETTE G. WILSON (110076)
2   LOIS M. KOSCH (131859)
    550 West C Street, Suite 1050
3   San Diego, California 92101
    Telephone: (619) 236-9600
4   Facsimile: (619) 236-9669

5   Attorneys for Defendant
    BLOCKBUSTER INC.

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  ERIK ELLIOTT, an individual,          Case No. 37-2008-00082941-CU-WT-CTL

12              Plaintiff,                 **DEFENDANT BLOCKBUSTER INC.'S**
                                           **ANSWER TO COMPLAINT**
13          v.
                                           Complaint Filed: April 29, 2008
14  BLOCKBUSTER, INC., a corporation, and
    DOES 1 through 25, inclusive,          Dept.:    C-61
15                                         Judge:    Hon. John S. Meyer
                Defendants.                Trial Date:  Not Set
16

17

18          Defendant BLOCKBUSTER INC. ("Defendant"), erroneously sued as Blockbuster, Inc.,

19  hereby answers the verified Complaint of Plaintiff ERIK ELLIOTT (hereinafter "Plaintiff") on file

20  herein as follows:

21                                         I.

22                              **GENERAL DENIAL**

23          1.      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

24  generally denies each and every allegation in each and every paragraph and cause of action in

25  Plaintiff's Complaint, denies that Plaintiff was injured or has suffered damages in any sum and

26  further denies that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or

27  otherwise.

28

                                           1

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Causes of Action)

2.    The Complaint and each and every purported cause of action thereof fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

3.    Without admitting the allegations of the Complaint, Defendant alleges that if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages and that, therefore, Plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

### THIRD AFFIRMATIVE DEFENSE

(At-Will Employment)

4.    Any recovery on Plaintiff's Complaint or any purported claim or cause of action alleged therein is barred because the term of employment of Plaintiff was unspecified and therefore terminable at-will, without or without cause, pursuant to California Labor Code Section 2922.

### FOURTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

5.    Regarding all of Plaintiff's causes of action, imposition of punitive damages would violate Defendant's due process and equal protection rights under the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

(Insufficient Allegations of Punitive Damages Against Corporation)

6.    Regarding all of Plaintiff's causes of action, Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

7.    Without admitting the allegations of the Complaint, all claims for physical or

2

1  emotional damages other than those arising out of discrimination are preempted by the California

2  Workers' Compensation Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.    All Plaintiff's causes of action are barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 338.2, 338.3, 338.4, 339, 339.1, 340, and 343 and California Government Code 12900 et seq., and 42 USC §2000e et seq.

## EIGHTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

9.    Damages sought for lost employment benefits in all of Plaintiff's causes of action are preempted by the Employment Retirement Income Security Act of 1974.

## NINTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

10..    Regarding all of Plaintiff's causes of action, Defendant's alleged conduct was justified and privileged.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

11.    Regarding Plaintiff's causes of action, Plaintiff is barred from recovery under the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Outrageous Conduct)

12.    Regarding Plaintiff's causes of action, Plaintiff is barred from recovery because Defendant's conduct did not rise to the level of outrageous conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

13.    The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendant, and the liability of Defendant, if any,

3

1  is limited in direct proportion to the percentage of fault actually attributed to Defendant.

2  **THIRTEENTH AFFIRMATIVE DEFENSE**

3  (Obligations Discharged)

4       14.    Defendant has performed and fully discharged any and all obligations and legal duties

5  to Plaintiff pertinent to the matters alleged in the Complaint.

6  **FOURTEENTH AFFIRMATIVE DEFENSE**

7  (Managerial Discretion)

8       15.    Regarding all of Plaintiff's causes of action, the decisions made regarding Plaintiff's

9  employment were in the exercise of proper managerial discretion and in good faith based on

10  legitimate reasons.

11  **FIFTEENTH AFFIRMATIVE DEFENSE**

12  (Failure to Exhaust External Administrative Remedies)

13       16.    Regarding Plaintiff's causes of action, Defendant is informed and believes those

14  causes of action are barred by Plaintiff's failure to exhaust external administrative remedies with the

15  appropriate public or governmental agencies.

16  **SIXTEENTH AFFIRMATIVE DEFENSE**

17  (California Fair Employment and Housing Act)

18       17.    Defendant alleges that Plaintiff's claims under the California Fair Employment and

19  Housing Act may not be maintained to the extent they exceed or differ from the allegations of an

20  administrative charge filed with the appropriate agency.

21  **SEVENTEENTH AFFIRMATIVE DEFENSE**

22  (Pre-Existing Injury)

23       18.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or

24  injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause,

25  and not the result of any act or omission of Defendant.

26  **EIGHTEENTH AFFIRMATIVE DEFENSE**

27  (After-Acquired Evidence)

28       19.    Based on Plaintiff's alleged wrongdoing, Plaintiff's claim of wrongful discharge is

DEFENDANT BLOCKBUSTER INC.'S ANSWER TO COMPLAINT

1  barred in whole or in part by the doctrine of after-acquired evidence.

2                    **NINETEENTH AFFIRMATIVE DEFENSE**

3                          (Unauthorized Discrimination)

4        20.    Defendant denies that it authorized, ratified, acquiesced in, had knowledge of, had

5  reason to know of approved or directed action by any persons or entities, constituting discrimination,

6  whether as alleged or otherwise.

7                    **TWENTIETH AFFIRMATIVE DEFENSE**

8                             (No Ratification)

9        21.    Defendant denies that it authorized, ratified, acquiesced in, had knowledge of, had

10  reason to know of, approved of, or directed action by any person or entities, constituting unlawful

11  conduct towards Plaintiff, whether as alleged or otherwise.

12                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13                          (Failure to Avoid Harm)

14        22.    Defendant exercised reasonable care to prevent and correct promptly any

15  discriminatory practice or behavior in the workplace.  Defendant is informed and believes, and on

16  that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective

17  opportunities provided by Defendant to avoid such harm.

18                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19                             (Unclean Hands)

20        23.    Defendant alleges that Plaintiff's Complaint is barred by the doctrine of unclean

21  hands.

22                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

23                        (Additional Affirmative Defenses)

24        24.    Defendant currently has insufficient information available upon which to form a

25  belief as to whether it has additional, as yet unstated, affirmative defenses available.  Defendant

26  reserves the right to assert additional affirmative defenses in the event discovery indicates they

27  would be appropriate.

28        WHEREFORE, Defendant prays as follows:

1        1.      That Plaintiff's Complaint and all claims and causes of action therein be dismissed

2   with prejudice;

3        2.      That Plaintiff take nothing by this action;

4        3.      That judgment be entered against Plaintiff and in favor of Defendant;

5        4.      That Defendant be awarded its costs incurred in this action, including reasonable

6   attorneys' fees; and

7        5.      That this court grant Defendant such other and further legal or equitable relief as the

8   court deems just and proper.

9

10  Dated:      June 13, 2008                    **WILSON PETTY KOSMO & TURNER LLP**

11

12                                      By:     _Lois M. Kosch_

13                                              CLAUDETTE G. WILSON
                                                LOIS M. KOSCH
14                                              Attorneys for Defendant
                                                BLOCKBUSTER INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BLOCKBUSTER INC.'S ANSWER TO COMPLAINT

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|
| **TITLE OF CASE (ABBREVIATED)**<br>*Erik Elliott v. Blockbuster, Inc.*<br>ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):      TELEPHONE NO.:<br>CLAUDETTE G. WILSON (110076)     Tel. (619) 236-9600<br>LOIS M. KOSCH (131859)     Fax: (619) 236-9669<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | CENTRAL DIVISION<br><br>2008 JUN 13  PM 12: 02<br><br>SAN DIEGO COUNTY, CA |
| ATTORNEYS FOR:<br>Defendant BLOCKBUSTER INC. | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00082941-CU-WT-CTL |

### PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On June 13, 2008, I served the following documents:

1.      DEFENDANT BLOCKBUSTER, INC.'S ANSWER TO COMPLAINT

I served the documents on the person below, as follows:

> Dale Larabee, Esq.
> Joel Larabee, Esq.
> Law Offices of Larabee Gienapp Larabee, APC
> 2120 Fourth Ave
> San Diego, CA 92101
> Tel: 619-234-3054
> Fax: 619-234-3001
> *Counsel for Plaintiff ERIK ELLIOTT*

☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on June 13, 2008, at San Diego, California.

Crystalin D. Morris

---

PROOF OF SERVICE

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|
| TITLE OF CASE (ABBREVIATED)<br>***Erik Elliott v. Blockbuster, Inc.*** | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>CLAUDETTE G. WILSON (110076)<br>LOIS M. KOSCH (131859)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |

| ATTORNEYS FOR:<br>Defendant BLOCKBUSTER INC. | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00082941-CU-WT-CTL |
|---|---|---|

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On June 13, 2008, I served the following documents:

1.    NOTICE OF REMOVAL TO FEDERAL COURT

I served the documents on the person below, as follows:

> Dale Larabee, Esq.
> Joel Larabee, Esq.
> Law Offices of Larabee Gienapp Larabee, APC
> 2120 Fourth Ave
> San Diego, CA  92101
> Tel: 619-234-3054
> Fax: 619-234-3001
> ***Counsel for Plaintiff ERIK ELLIOTT***

☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on June 13, 2008, at San Diego, California.

Crystalin D. Morris

---

PROOF OF SERVICE

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Erik Elliott v. Blockbuster, Inc. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>CLAUDETTE G. WILSON (110076)<br>LOIS M. KOSCH (131859)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendant, Blockbuster Inc. | HEARING DATE – TIME | CASE NUMBER: |

### PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On June 13, 2008, I served the following documents:

1.      NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a) (DIVERSITY)

I served the documents on the person below, as follows:

> Dale Larabee, Esq.
> Joel Larabee, Esq.
> Law Offices of Larabee Gienapp Larabee, APC
> 2120 Fourth Ave
> San Diego, CA 92101
> Tel: 619-234-3054
> Fax: 619-234-3001
> *Counsel for Plaintiff ERIK ELLIOTT*

☐      **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒      **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐      **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐      **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 13, 2008, at San Diego, California.

_____
Crystalin D. Morris

---

PROOF OF SERVICE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 151935   – TC
# * * C O P Y * *
# June 13, 2008
# 12:24:33

## Civ Fil Non–Pris
USAO #.: 08-CV1053
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC1632


# Total–>  $350.00


FROM: ERIK ELLIOT
      VS. BLOCKBUSTER INC.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Erik Elliott

## DEFENDANTS
Blockbuster Inc.

FILED

08 JUN 13 PM 12:22

'08 CV 1053 DMS POR
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dale Larabee / Joel Larabee
Larabee Gienapp Larabee
2120 Fourth Avenue
San Diego, CA  92101
(619) 234-3054

Attorneys (If Known)
Claudette G. Wilson / Lois M. Kosch
Wilson Petty Kosmo & Turner LLP
550 West C. Street, Suite 1050
San Diego, CA  92101
(619) 236-9600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | IMMIGRATION | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. §1441(a)
Brief description of cause:
Religious intimidation; physical disability discrimination; wrongful termination in violation of public policy (California Gov

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  June 13, 2008

SIGNATURE OF ATTORNEY OF RECORD  Lois M. Kosch

FOR OFFICE USE ONLY
RECEIPT # 151935  AMOUNT $350  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

TAC 151935  6/13/08

CSDJS44

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Erik Elliott v. Blockbuster, Inc. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):      TELEPHONE NO.:<br>CLAUDETTE G. WILSON (110076)           Tel. (619) 236-9600<br>LOIS M. KOSCH (131859)                  Fax: (619) 236-9669<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | | |
| ATTORNEYS FOR:<br>Defendant, Blockbuster Inc. | HEARING DATE – TIME | CASE NUMBER: |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On June 13, 2008, I served the following documents:

1.      CIVIL COVER SHEET

I served the documents on the person below, as follows:

> Dale Larabee, Esq.
> Joel Larabee, Esq.
> Law Offices of Larabee Gienapp Larabee, APC
> 2120 Fourth Ave
> San Diego, CA  92101
> Tel: 619-234-3054
> Fax: 619-234-3001
> *Counsel for Plaintiff ERIK ELLIOTT*

☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐  **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 13, 2008, at San Diego, California.

Crystalin D. Morris

---

## PROOF OF SERVICE